BADGER STATE BANK OF MILWAUKEE, Respondent, vs. FINKLER MOTOR CAR COMPANY, INC., Appellant.

*September 12—October 9, 1934.*

162

For the appellant there was a brief by *Julius O. Roehl,* and oral argument by *Harry G. Slater,* both of Milwaukee.

For the respondent there was a brief by *Glanz & Glanz* and *Elroy J. Ruehl,* all of Milwaukee, and oral argument by *Victor H. Glanz.*

FAIRCHILD, J.  The only subject for consideration upon this appeal is whether or not the Finkler Motor Car Company, Inc., intended to waive its right, if any it had, so far as John H. Fink and the bank are concerned, to pay Anna Fink's back salary in stock.

Intent to abandon a known right may appear conclusively as a legal result of conduct as well as by the existence of actual and expressed intent.  *Somers v. Germania Nat. Bank,* 152 Wis. 210, 138 N. W. 713.  Anna Fink's account was never charged with the issue to her of any stock.  The correspondence between Fink's attorney and the Finkler Motor Car Company, Inc., was in reference to money due for back salary of the secretary.  Under the facts in this case, the decision of the lower court must be affirmed upon the proposition that if a right did exist in the corporation to pay in stock, it was waived as to the defendant John H. Fink, and such waiver is effective so far as the interests of the respondent bank are concerned.  The Finkler family owned the corporation.  Anna D. Fink was a sister of the other officers of the company.  Proceedings were under way to eliminate John H. Fink from all their affairs.  In the ad-

justment of the matters in difference between Anna and her husband, a balance of $1,800 was due him. In satisfaction of this amount, a note payable in two years was given, secured by an assignment of back salary due her from the Finkler Motor Car Company, Inc. The correspondence between Fink's attorney and the company certainly warrants the inference that the amount due for back salary was payable in cash. With this established, the correctness of the judgment entered below cannot be questioned. *Somers v. Germania Nat. Bank, supra.*

*By the Court.*—Judgment affirmed.